UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JETHRO COE, JR., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-1059 (RC) |
| | : | | |
| v. | : | Re Document No.: | 10, 14 |
| | : | | |
| JOHN MCHUGH, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

GRANTING THE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT; DENYING THE PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This action seeks review of a decision by the Army Board for Correction of Military Records ("ABCMR" or "Board"). The plaintiff is a U.S. Army veteran, who claims that when he served in the military, he unjustly received an adverse Officer Evaluation Report ("OER"). He later obtained a sworn statement from the lieutenant colonel who had written the allegedly adverse OER, which recanted his negative comments and review. The plaintiff then filed an application with the ABCMR to amend the OER, which was denied. The plaintiff now files this action, appealing that decision, pursuant to the Administrative Procedure Act ("APA"). He seeks correction of his military record, and also claims that because of the allegedly adverse OER, he was barred from promotion and was essentially forced to retire. The defendant has filed a motion to dismiss, or in the alternative, for summary judgment. In response, the plaintiff has filed a cross-motion for summary judgment. Because the Board evaluated all of the evidence before it and applied the relevant Army regulation in its analysis, its decision was well-reasoned

1

and not arbitrary and capricious. The defendant's motion for summary judgment is therefore granted, and the plaintiff's claims are dismissed.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The plaintiff is a U.S. Army veteran with thirty years of service. Pl's SMF ¶ 1. At some point between October of 1992 and July of 1993, while serving in the Army, he received a directive from the Department of the Army USSOCOM to cancel an operational exercise that had been requested by the Deputy Chief of Staff, Logistics, who was the plaintiff's senior rater. *Id.* ¶ 5. The plaintiff was instructed to submit a Disposition Form canceling the exercise, which he did. *Id.* ¶ 6. He forwarded the form to his rater and senior rater, explaining what had happened. *Id.* The plaintiff claims that upon return from temporary duty, the senior rater was upset that the plaintiff had canceled his operation. *Id.* In August of 1993, the plaintiff received an OER that stated that the plaintiff's "overbearing nature ha[d] diminished his relationship with people and overall effectiveness." Def.'s SMF ¶ 10. The plaintiff claims that the OER was written by Lieutenant Colonel Seetin at the direction of the senior rater, who was angry at the plaintiff for having canceled the operation. Pl.'s SMF ¶ 8.

In 2010, the plaintiff obtained a sworn statement from Lieutenant Colonel Seetin, which recanted his negative comments in the OER and substituted positive language in its place. *Id.* ¶ 9. On July 16, 2010, the plaintiff applied to the ABCMR, seeking corrections to the OER, and asserting that the OER was the result of bias and prejudice by the rating officials. Def.'s SMF ¶ 19. On September 23, 2010, the ABCMR, in a unanimous decision, denied the plaintiff's request for corrections to the OER. *Id.* ¶ 21. The plaintiff has now filed this action appealing that decision, pursuant to the Administrative Procedure Act, seeking correction of that record. He

also alleges that because of the allegedly adverse OER, he was barred from promotion and was essentially forced to retire, in violation of his Fifth Amendment due process rights. The defendant has filed a motion to dismiss, or in the alternative, for summary judgment. In response, the plaintiff has filed a cross-motion for summary judgment. The Court now turns to the parties' arguments and the applicable legal standards.

## III. LEGAL STANDARDS

### A. Legal Standard for Summary Judgment When Reviewing a Final Agency Action

Under Rule 56(a), summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In a case involving review of a final agency action under the Administrative Procedure Act, 5 U.S.C. § 706, however, the standard set forth in Rule 56(a) does not apply because of the court's limited role in reviewing the administrative record. *See Nat'l Wilderness Inst. v. United States Army Corps of Eng'rs*, 2005 WL 691775, *7 (D.D.C. 2005); *Fund for Animals v. Babbitt*, 903 F.Supp. 96, 105 (D.D.C. 1995), *amended on other grounds,* 967 F.Supp. 6 (D.D.C. 1997).

Under the APA, the agency's role is to resolve factual issues to arrive at a decision that is supported by the administrative record, while "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *See Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir. 1985); *see also Northwest Motorcycle Ass'n v. United States Dep't of Agriculture*, 18 F.3d 1468, 1472 (9th Cir. 1994) ("[T]his case involves review of a final agency determination under the [APA]; therefore, resolution of th[e] matter does not require fact finding on behalf of this court. Rather, the court's review is limited to the administrative record."). Summary judgment thus

serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review. *See Richards v. INS*, 554 F.2d 1173, 1177 & n. 28 (D.C. Cir. 1977), *cited in* \*63 *Bloch v. Powell*, 227 F.Supp.2d 25, 31 (D.D.C. 2002), *aff'd,* 348 F.3d 1060 (D.C. Cir. 2003).

### B. Legal Standard for Judicial Review of an ABCMR Decision Under the APA

Under the APA, an agency action may be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review of agency actions under the "arbitrary and capricious" standard is "highly deferential" and "presumes the agency's action to be valid." *Envt'l. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981). In assessing an agency decision, a court reviews whether "the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989) (internal quotation marks and citation omitted). "The scope of the Court's review under this standard 'is narrow and a court is not to substitute its judgment for that of the agency.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 30 (1983). "[A] reviewing court may not set aside an agency [decision] that is rational, based on consideration of the relevant factors, and within the scope of the authority delegated to the agency by the statute," so long as the agency has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Id.* at 42–43 (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). Indeed, nothing more than a "brief statement" is necessary, as long as the agency explains "why it chose to do what it did." *Tourus Records*, 259 F.3d at 737. If the court can "reasonably discern[]" the agency's

path, it will uphold the agency's decision. *Pub. Citizen*, 988 F.2d at 197 (citing *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

Moreover, while judicial review of an agency's actions is generally narrow and subject to a presumption of validity, review of the Board's decisions in particular under the APA is "unusually deferential." *See Piersall v. Winter*, 435 F.3d 319, 324 (D.C. Cir. 2006) (citing *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)). Military boards such as the ABCMR are entitled to greater deference than civilian administrative agencies. *Calloway*, 366 F. Supp. 2d at 53 (citing *Kreis v. Air Force*, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989)). When reviewing a decision of the Board, a court's "inquiry focuses not on whether the Army was 'substantively correct' . . . but rather on whether the ABCMR's explanations for that choice demonstrate that [a] defendant[] 'permissibly exercised [its] discretion and made a choice that is supported by at least substantial evidence.'" *Hill v. Geren*, 597 F.Supp.2d 23, 29 (D.D.C. 2009) (internal citation omitted). A court need only find that the decision of a military review board "minimally contains a rational connection between the facts found and the choice made." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997) (internal quotation marks and citations omitted). [1]

### C. The Court Grants the Defendant's Motion for Summary Judgment

The defendant argues that summary judgment should be granted in its favor because the Board's decision was not arbitrary or capricious. Def.'s Mot. at 23. The plaintiff counters that the Board failed to examine the complete record or to address his specific arguments. Pl.'s Mot.

---

[1] The plaintiff's complaint requested back pay, allowances, and a promotion, but when the defendant argued that this Court lacks jurisdiction over such claims, the plaintiff conceded that these claims do not fall under the scope of the APA, and withdrew them. Pl.'s Mot. at 10. Further, the government contends that the plaintiff's claim failed because he did not claim a cognizable property or liberty interest in continued service. Def.'s Mot. at 17. But the plaintiff failed to respond to this argument, and therefore conceded it.

5

at 11. Specifically, the plaintiff contends, the Board did not discuss whether the OER was an aberration after thirty years of purportedly outstanding evaluations, and it did not properly consider Lieutenant Colonel Seetin's revised statements. *Id.* at 12-13.

The ABCMR is required to "decide cases on the evidence of record," which means that "[i]t is not an investigative body." 32 C.F.R. § 581.3. The Board considered Army Regulation No. 623-105 ("regulation") in its analysis. Admin Record ("AR") at 5. The regulation "prescribes the policy for completing evaluation reports and associated support forms that are the basis for the Army's Evaluation Reporting System." App'x, Dckt [#10-3] at 13. Chapter six of the regulation governs the Officer Evaluation Redress Program, which outlines the burden of proof and type of evidence required for a successful OER appeal. *Id.* at 18. In its decision, the Board described how the regulation states that an evaluation that has become part of an officer's official record is presumed to have been prepared by the proper designating rating officials, and that it is also presumed to be correct. AR at 9. The regulation chapter states:

> The burden of proof rests with the appellant. Accordingly, to justify deletion or amendment of a report, the appellant must produce evidence that establishes clearly and convincingly that – (1) The presumption of regularity . . . should not be applied to the report under consideration. (2) Action is warranted to correct a material error, inaccuracy, or injustice.

App'x at 18.[2]

The Board considered the plaintiff's application for correction of his military record, its supporting documents, and the military personnel records of the officer involved. AR at 5. The Board described how one part of the OER stated that the plaintiff mentored and aided soldiers in

---

[2] The Board looked at an outdated version of the regulation, *see* App'x at 12, but because the language did not change between it and the new version, that error was harmless. *See Jicarilla Apache Nation v. U.S. Dep't of the Interior*, 613 F.3d 1112, 1121 (D.C. Cir. 2010) ("The harmless error rule applies to agency action because [i]f the agency's mistake did not affect the outcome, if it did not prejudice the petitioner, it would be senseless to vacate and remand for reconsideration.") (internal quotation marks and citation omitted).

6

need, assigned a female solider with a disability to overcome obstacles and secure a medical retirement, provided joint service professional development training for his warrant officers, and enjoyed other accomplishments, including executing an aggressive lateral transfer program, strengthening property accountability of items valued at over twenty billion dollars, and provided thorough, detailed, and timely asset shortage information and analysis. AR at 2. The Board also considered how the senior rator stated in the OER that the plaintiff was "Above Center of Mass," supported the command "to the utmost," "modernized" their property accounting capability, disciplined their unit control of equipment, "devoted endless hours toward the advancement and profession[al] development of his subordinates," and that he was a "demanding leader" who knew how to "obtain excellence in everything that he [did]." AR at 7.

In addition, the OER stated that the plaintiff's "overbearing nature ha[d] diminished his relationship with people and his overall effectiveness." *Id*. The Board noted that the plaintiff commented in 1993 that the OER was unprofessional, and that its negative comments were a form of retaliation for the aforementioned incident. *Id*. at 7. Further, the Board considered Lieutenant Colonel Seetin's sworn statement from 2010, which declared that the OER was "out-of-balance" and "an injustice" to the plaintiff's "professional work ethics, his professionalism and his military career." *Id*. at 14. Ultimately, the Board concluded that this "statement[,] alone[, was] not sufficient" to meet the burden of proof that the contested OER was inaccurate or unjust. *Id*. at 14. The Board also noted that the sworn statement was obtained "more than 15 years after the OER [had been] prepared," and appeared to be "based on retrospective thinking." *Id*. at 10. The Board therefore concluded that the plaintiff did not offer enough evidence to show that his rating officials had not complied with regulatory requirements to evaluate him in a fair and unbiased manner. *Id.* Thus, the Board stated, the plaintiff did not provide "compelling

7

evidence to overcome the presumption of regularity" with regard to his rating officials' evaluation. *Id.*

The Board appears to have arrived at a well-reasoned conclusion, as it reviewed all of the evidence in the record, and concluded that a singular statement from the rator fifteen years after-the-fact was insufficient to clearly and convincingly rebut the presumption that the OER was fair and unbiased. To that end, this Circuit has held on multiple occasions that post hoc statements from ratings officers that reflect a change of heart as to previous reviews are not sufficient evidence for a successful appeal. *Musengo v. White*, 286 F.3d 535, 539 (D.C. Cir. 2002) (holding that a rater's post hoc change of heart was insufficient to alter a prior OER because Army Regulation 623-105 mandates that post hoc statements that retract an earlier adverse review "will not be used to alter or withdraw a report," as "raters may attempt to retract otherwise accurate assessments when requested to do so by their disappointed officers," which is insufficient to overcome the presumption of regularity regarding the evaluation) (internal citations omitted); *Cone v. Caldera*, 223 F.3d 789, 794 (D.C. Cir. 2000) (determining that post hoc statements by a rating official would not be accepted to amend an OER because such statements "often reflect retrospective thinking, or second thoughts, prompted by an appellant's non-selection or other unfavorable personnel action claimed to be the sole result of a contested report," and such changes were considered "reflections" of the rater's "sympathy for the pleas of his subordinates, rather than as accurate statements of his original intent") (internal citation omitted). Further, the fact that much of the OER is filled with glowing praise of the plaintiff lends further credence to the presumption that it was fair and balanced.

Based on an over-reading of *United States v. Vierrether*, 27 Fed. Cl. 357 (Ct. Cl. 1992), the plaintiff contends that the Board did not discuss whether the OER was an aberration after

8

thirty years of purportedly outstanding evaluations, *id.*, but nothing in the record indicates that the plaintiff provided thirty years worth of evaluations for the Board to review, or even that it presented that argument to the Board, *see generally* AR 5-11.[3] Rather, the Board examined the relevant data and established a rational connection between the facts it found and the decision that it made. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 30 (1983). The Court thus concludes that the Board's "explanations for [its] choice demonstrate that [it] 'permissibly exercised [its] discretion and made a choice that is supported by at least substantial evidence.'" *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (internal citation omitted). Its decision was not "arbitrary and capricious," and the defendant is therefore entitled to judgment as a matter of law. *See Tindal v. McHugh*, 2013 WL 2255200, at *16 (D.D.C. May 23, 2013) (holding that because the ABCMR applied Army regulations in its analysis and evaluated all of the evidence before it, its decision was supported at least by substantial evidence, and was not arbitrary and capricious). Accordingly, the defendant's motion for summary judgment is granted, the plaintiff's cross-motion for summary judgment is denied, and the plaintiff's claims are dismissed.

---

[3] Moreover, as the defendant points out, the record demonstrates that the OER at issue was not the only less-than-stellar OER from that time period. Def.'s Opp'n at 16.

## V. CONCLUSION

For the reasons stated above, the Court grants the defendant's motion to dismiss, or in the alternative, for summary judgment, and denies the plaintiff's cross-motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of September, 2013.

RUDOLPH CONTRERAS
United States District Judge